UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
2012 JUN 12 P 2 31
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT MACHADO,
       Plaintiff

v.

THE CITY OF CRANSTON and COL. MARCO
PALOMBO, JR. in his official capacity as Chief of
The CRANSTON POLICE DEPARTMENT,
       Defendants

C.A. No. 2012-

CA12- 445S

## VERIFIED COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS SEEKING INJUNCTIVE AND DECLARATORY RELIEF

### PARTIES

1. Plaintiff Robert Machado is a natural person and citizen of the United States and of the State of Rhode Island, residing in Cranston, Rhode Island. He is a veteran of the war in Vietnam. Plaintiff has been diagnosed with Post-Traumatic Stress Disorder ("PTSD") resulting from his service and is receiving treatment for the PTSD.

2. Defendant City of Cranston ("The City") is a city chartered by the State of Rhode Island. Defendant Col. Marco Palombo, Jr. is the Chief of the Police Department of the City of Cranston. As such, he is responsible for formulating, executing and administering with the City the laws, customs, practices, and policies at issue in this lawsuit. Through its Police Departmemt, the City has enforced the challenged laws, customs and practices against plaintiff.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case involves a federal question pertaining to the United States Constitution. The Court has pendant jurisdiction over plaintiff's claims arising under state law.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendant resides and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

*Background*

5. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

6. The Second Amendment is incorporated as against the states through the Fourteenth Amendment, such that Defendant cannot, under color of law, deprive Plaintiff of his right to keep and bear arms.

7. Article 1, Section 22 of the Rhode Island Constitution provides: "The right of the people to keep and bear arms shall not be infringed."

8. Plaintiff legally obtained and possessed various weapons and related items.

9. On or about September 13, 2011, Cranston police officers and fire department paramedics went to Plaintiff's residence at 474 Farmington Ave., Apt. 3, Cranston, RI in response to a call from Plaintiff's friend who was concerned Plaintiff might try to harm himself.

10. The officers informed Plaintiff that they were there to check on his well-being.

11. Plaintiff informed the officers that he was not suicidal and that his friend must have misconstrued their earlier conversation.

12. The Cranston Police insisted that Plaintiff submit to a mental health evaluation and he was transported to Our Lady of Fatima Hospital in North Providence, Rhode Island for

evaluation. The doctor at the hospital who examined him said she did not find he had any problems.

13. Without Plaintiff's knowledge, the police officers removed from Plaintiff's home those various weapons and related items and transported them to headquarters for "safe keeping."

14. On information and belief, the Cranston Police Department researched all of the firearms seized through the National Crime Information Center (NCIC) and with all being found negative for any criminal activity.

15. On information and belief, Defendant's officers logged all of the items seized and then forwarded them to its Bureau of Criminal Investigation (BCI) Division for "safe keeping."

16. Plaintiff was released from the hospital the same day.

17. When Plaintiff returned to his home, he found his weapons were missing and he requested that the Police Department return them to him. The Police Department said he should get a letter from his therapist that he was not a threat to himself.

18. The next day Plaintiff received a letter from his therapist, Dr. Lawrence H. Weiner, who is treating his PTSD, attesting to Plaintiff's sanity with no suicidal tendencies or thoughts in indicating that there should be no concern regarding the return of the items to Plaintiff. A true and accurate copy of the letter is attached as Exhibit A.

19. Several days later, Plaintiff visited the Police Department to retrieve a copy of the incident report and inquire about getting his items returned.

20. Plaintiff was informed by an unidentified receptionist that only her supervisor could provide Plaintiff with a copy of the incident report and that the supervisor was not there to provide said report.

21. Plaintiff called Defendant's Department of Internal Affairs on or about October 3, 2011 and explained his situation to Lieutenant Vincent McAteer who provided Plaintiff with a copy of the incident report the following morning. A true and accurate copy of the report Plaintiff received is attached as Exhibit B.

22. Once the report was received, Plaintiff spoke on the telephone once again to Lt. McAteer who informed Plaintiff that he would need a doctor's letter and would need to obtain a court order from the state District Court before his items would be returned.

23. Plaintiff immediately went to the Third Division District Court Clerk in the Noel Courthouse, formerly the Kent County Courthouse, explained what Lt. McAteer had told him. Plaintiff was asked whether he was arrested to which he replied in the negative.

24. Plaintiff was informed by the unidentified Clerk that the matter had nothing to do with the District Court and that there was nothing that could be done there.

25. On or about four days later, Plaintiff received a phone call from Sergeant Patinaud of the Cranston Police Department informing Plaintiff that Plaintiff needed a court order to have his items returned.

26. Plaintiff left a message for Lt. McAteer that was never returned.

27. When they seized Plaintiff's property, Defendants set in motion a series of events that they knew or should have known would result in Plaintiff's inability to recover, or extreme difficulty in recovering, his property.

28. Defendants have a custom, policy, or practice of requiring lawful weapons owners, but not other property owners, to engage in formal litigation to recover their seized property.

29. Plaintiff has been unable to recover his weapons even though his weapons are not evidence, have not been used to commit a crime, and Plaintiff has been cleared by Dr. Weiner as not being a threat to himself or others.

30. By seizing Plaintiff's property without notice, refusing to return it to him, and refusing to allow him a meaningful opportunity to be heard on the matter, Defendants have deprived Plaintiff of his property without due process of law.

31. By setting in motion a series of events that Defendants knew or should have known would result in inability or extreme difficulty in recovering Plaintiff's property, Defendants deprived Plaintiff of his property without due process of law.

32. By maintaining a custom, policy or practice of requiring lawful weapons owners, but not other property owners, to engage in formal litigation to recover their seized property, Defendants have denied Plaintiff the equal protection of the laws.

33. By refusing to return Plaintiff's weapons to him, Defendant has infringed on Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution and incorporated to the States by the Fourteenth Amendment as well as Art. 1, Sec. 22 of the Rhode Island Constitution.

### Count I-Violation of Plaintiff's Right to Keep Arms

34. Paragraphs 1 through 36 are incorporated as though fully stated herein.

35. Plaintiff is a law abiding individual, competent in the safe handling of weapons. Plaintiff has also been declared by his therapist to not pose a threat of harm to himself or others.

Accordingly, there exists no reason to deny Plaintiff possession of his lawfully obtained weapons.

36. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiff of his lawfully obtained weapons, Defendant is propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution as well as Art. 1, Sec. 2 of the Rhode Island Constitution, and thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count II-Violation of Plaintiff's Right to Equal Protection

37. Paragraphs 1 through 39 are incorporated as though fully stated herein.

38. Plaintiff is a law abiding individual, competent in the safe handling of weapons. Plaintiff has also been declared by his therapist to not pose a threat of harm to himself or others. Accordingly, there exists no reason to deny Plaintiff possession of his lawfully obtained weapons.

39. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiff of his lawfully obtained weapons, Defendant is propagating customs, policies and practices that violate Plaintiff's rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and Art.1 Sec. 2 of the Rhode Island Constitution, thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count III-Violation of Plaintiff's Right to Due Process

40. Paragraphs 1 through 42 are incorporated as though fully stated herein.

41. Plaintiff had a cognizable property interest in his weapons, the seizure and retention of which was caused by Defendant without sufficient due process. Defendant is propagating customs, policies, and practices that violate Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution and Art. 1, Sec. 2 of the Rhode Island Constitution, thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## **Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the practice of seizing and retaining lawfully obtained weapons of individuals who are deemed to be of no threat to themselves or others, and who have not been charged with a crime;

2. Declaratory relief that the practice of seizing and retaining lawfully obtained weapons of individuals who are deemed to be of no threat to themselves or others, and who have not been charged with a crime is unconstitutional either on its face and/or as applied to bar those individuals who are legally entitled to possess weapons;

3. Declaratory relief that the practice of requiring weapons owners who are not charged with a crime to engage in formal litigation in order to recover their seized property is unlawful and unconstitutional;

4. The immediate return of Plaintiff's weapons to him;

5. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

6. Any other relief as the Court deems just and appropriate.

Respectfully submitted,

**ROBERT MACHADO**
By his attorney,

By: /s/ Thomas W. Lyons
Thomas W. Lyons #2946
RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

# VERIFICATION

I have read the allegations of this complaint and state that they are true and accurate to the best of my knowledge and belief.

_____
Robert Machado

Subscribed and sworn before me this 23 day of May, 2012.

_____
Notary Public
My commission expires: 4/26/2014