UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT MACHADO,<br>    Plaintiff | )<br>)<br>) |
| v. | )    C.A. No. 2012-445-S |
| | ) |
| THE CITY OF CRANSTON and<br>COL. MARCO PALOMBO, JR., in his<br>official capacity as Chief<br>of the Cranston Police Department,<br>    Defendants | )<br>)<br>)<br>)<br>) |

## ANSWER

Defendants The City of Cranston and Col. Marco Palombo, Jr., in his official capacity as Chief of the Cranston police Department, hereby answer the numbered paragraphs of Plaintiff Robert Machado's Complaint as follows:

1. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore they are denied.

2. Admitted that Defendant City of Cranston is a city in the State of Rhode Island and that Defendant Col. Marco Palombo, Jr. is the Chief of the Police Department of the City of Cranston. The remaining of the allegations set forth in Paragraph 2 state conclusions of law to which no response is required and are, therefore, denied.

3. The allegations set forth in Paragraph 3 state conclusions of law to which no response is required and are, therefore, denied.

4. The allegations set forth in Paragraph 4 state conclusions of law to which no response is required and are, therefore, denied.

5. The allegations set forth in Paragraph 5 refer to a document that speaks for itself. To the extent the allegations in Paragraph 5 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

6. The allegations set forth in Paragraph 6 state conclusions of law to which no response is required and are, therefore, denied.

7. The allegations set forth in Paragraph 7 refer to a document that speaks for itself. To the extent the allegations in Paragraph 7 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

8. The allegations set forth in Paragraph 8 state conclusions of law to which no response is required and are, therefore, denied.

9. Admitted.

10. Admitted that the officers went to Plaintiff's residence to check on his well being. Defendants lack information sufficient to form a belief as to the remainder of the allegations set forth in Paragraph 10 of the Complaint and therefore they are denied.

11. Admitted that Plaintiff denied wanting to harm himself. Defendants lack information sufficient to form a belief as to the remainder of the allegations set forth in Paragraph 11 of the Complaint and therefore they are denied.

12. Admitted that Plaintiff was transported to Our Lady of Fatima Hospital in North Providence, Rhode Island for evaluation. Defendants deny the remainder of the allegations set forth in the first sentence of Paragraph 12. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 12.

13. Admitted that the police officers removed from Plaintiff's home various weapons and related items and transported them to headquarters. The remainder of the allegations set

forth in Paragraph 13 state conclusions of law to which no response is required. Answering further, the allegation that the weapons and related items were transported to headquarters for "safe keeping" refers to a document that speaks for itself. To the extent the allegations in Paragraph 13 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

14. Admitted that Plaintiff's two firearms were researched through the National Crime Information Center and came back negative. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 14 of the Complaint and therefore they are denied.

15. The allegations set forth in Paragraph 15 refer to a document that speaks for itself. To the extent the allegations in Paragraph 15 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

16. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore they are denied.

17. Admitted that the police officers had removed from Plaintiff's home various weapons and related items. Defendants lack information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 17 and therefore they are denied.

18. The allegations set forth in Paragraph 18 refer to a document that speaks for itself. To the extent the allegations in Paragraph 18 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

19. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore they are denied.

20. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore they are denied.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 21 and therefore they are denied. The remaining allegations set forth in Paragraph 21 refer to a document that speaks for itself. To the extent the allegations in Paragraph 21 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

22. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and therefore they are denied.

23. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and therefore they are denied.

24. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and therefore they are denied.

25. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and therefore they are denied.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and therefore they are denied.

27. The allegations set forth in Paragraph 27 state conclusions of law to which no response is required and are, therefore, denied.

28. The allegations set forth in Paragraph 28 state conclusions of law to which no response is required and are, therefore, denied.

29. Admitted that the subject weapons remain in the custody of Defendants. The remaining allegations set forth in Paragraph 29 state conclusions of law to which no response is

required and are, therefore, denied. The allegations contained in the last clause of Paragraph 29 refer to a document that speaks for itself. To the extent the allegations in Paragraph 29 attempt to characterize that document or set forth conclusions of law, those allegations are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants restate and incorporate their response to Paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35. The allegations set forth in Paragraph 28 state conclusions of law to which no response is required and are, therefore, denied.

36. Denied.

37. Defendants restate and incorporate their response to Paragraphs 1 through 36 of the Complaint as if set forth fully herein.

38. The allegations set forth in Paragraph 37 state conclusions of law to which no response is required and are, therefore, denied.

39. Denied.

40. Defendants restate and incorporate their response to Paragraphs 1 through 39 of the Complaint as if set forth fully herein.

41. Denied.

**First Affirmative Defense**

Plaintiff fails to state a claim upon which relief can be granted. The Complaint fails to articulate a legally sufficient factual basis for claims under 42 U.S.C. § 1983 and/or the United States Constitution and/or the Rhode Island Constitution.

**Second Affirmative Defense**

Defendants have the status of sovereign and all benefits which inure to said status, including all applicable doctrines of immunity.

**Third Affirmative Defense**

Plaintiff's claims are barred by the doctrine(s) of waiver, laches, and/or unclean hands.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the applicable statutes of limitation.

**Fifth Affirmative Defense**

To the extent Plaintiff claims damages, said claim is limited by R.I.G.L. § 9-31-3.

**Sixth Affirmative Defense**

Plaintiff's claims are barred to the extent that Defendant's alleged conduct is not covered by or is subject to qualified immunity and/or other defenses arising under 28 U.S.C. § 1983.

**Seventh Affirmative Defense**

To the extent that Plaintiff claims damages, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Defendant had no control.

## Eighth Affirmative Defense

To the extent that Plaintiff claims damages, they are unavailable as a matter of law by virtue of the public duty doctrine and Plaintiff's failure to comply with R.I.G.L. § 45-15-5.

## Ninth Affirmative Defense

Plaintiff's claims are barred because Defendants acted in good faith in order to preserve Plaintiff's health, safety and welfare.

WHEREFORE, Defendants pray that the Court dismiss this action and award Defendants their costs, including reasonable attorneys' fees.

        THE CITY OF CRANSTON and
COL. MARCO PALOMBO, JR., in his official capacity as Chief of the Cranston Police Department

By their attorneys,

/s/ Joseph V. Cavanagh, Jr.
/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, Jr. #1139
Joseph V. Cavanagh, III #6907
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

CERTIFICATE OF SERVICE

       I hereby certify that on this 3rd day of August, 2012, the within document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all parties, represented as follows:

Thomas W. Lyons, Esq.
Strauss, Factor, Laing & Lyons
tlyons@straussfactor.com

                                                 /s/ Joseph V. Cavanagh, III